United States District Court
Southern District of Texas
**ENTERED**
August 21, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| VS. | § MAGISTRATE ACTION NO. 5:23-MJ-1535-01 |
| | § (3:22-CR-00404-AN-4 District of Oregon, Portland Division) |
| | § |
| RICARDO QUINONES JOYA | |
| *Defendant.* | |

## <u>MEMORANDUM AND ORDER</u>

On April 19, 2023, a Grand Jury in the District of Oregon, Portland Division, returned a Superseding Indictment for a "Ricardo Quinones Joya" with charges for conspiracy to commit bank fraud, social security fraud, and aggravated identity theft. Dkt. No. 1-1. In conjunction with the Superseding Indictment, an arrest warrant for "Ricardo Quinones Joya" was also issued on April 19, 2023, in the charging district. *See id.* at 1. Defendant was arrested on August 10, 2023, at a port of entry in Laredo, Texas, within the Southern District of Texas, as he attempted entry from Mexico. Customs and Border Protection officers then arrested the Defendant based on the District of Oregon Arrest Warrant. *See id.* Defendant appeared for an Initial Appearance on August 14, 2023, and requested that a hearing pursuant to Federal Rule of Criminal Procedure 5(c)(3)(D)(ii) be held to establish his identity prior to removal. *See* Minute Entry (Aug. 14, 2023).

On August 17, 2023, the undersigned Magistrate Judge held the Identity and Removal Hearing. Homeland Security Investigations Special Agent Chad Lindsly testified for the

Government on evidence identifying Defendant as the same person named as "Ricardo Quinones Joya" in the Superseding Indictment and Arrest Warrant.

## DISCUSSION

### 1.  STANDARD OF REVIEW

Under Rule 5, "[if a Defendant's] initial appearance occurs in a district other than where the offense was allegedly committed . . . the magistrate judge must transfer the defendant to the district where the offense was allegedly committed if: (i) the government produces the warrant, a certified copy of the warrant, or a reliable electronic form of either; and (ii) the judge finds that the defendant is the same person named in the indictment, information, or warrant[.]"  Fed. R. Cr. P. 5(c)(3)(D)(i-ii).

The purpose Rule 5(c)(3) is to ensure that the identity of the arrested person matches that of the indicted person.  Identity hearings protect individuals who are mistakenly arrested from being removed to inconvenient locations.  *See* 5 Orfield's Criminal Procedure Under the Federal Rules § 40:13 (2021).  Under Rule 5, courts make identity findings on the basis of probable cause.[1] A probable cause determination of identity is "fact-intensive" and looks to the totality of the circumstances.  *United States v. Rodriguez-Torres*, 2014 WL 2320081 (S.D.N.Y. May 30, 2014). "In the context of an identity hearing, 'probable cause exists if the law enforcement official, on the basis of the totality of the circumstances, has sufficient knowledge or reasonable trustworthy information to justify a person of reasonable caution in believing 'that the defendant is the person

---

[1]Although the text of Rule 5 does not explicitly state the applicable standard, this Court agrees with others that the proper standard for determining identity in removal proceedings is probable cause.  *See, e.g.*, *United States v. Antoine*, 796 F. Supp. 2d 417 (E.D.N.Y. 2011) (tracing the same probable cause standard in Rule 5.1 for preliminary hearings to the standard applicable to removal hearings under Rule 5 since Rule 5.1 was carved out of Rule 5 and citing other cases applying same standard).

named in the out-of-district warrant or indictment.'" *Id.* (citing *United States v. Gagnon*, 373 F.3d 230, 236 (2nd Cir. 2004)).  If the Government introduces reliable evidence at the identity hearing to establish that the defendant is the person named in the indictment, the burden of persuasion shifts to the defendant. *Id.*

Therefore, before committing an arrestee to another district, courts "hear evidence as to physical descriptions, fingerprints, handwriting, hearsay statements, telephone checks with charging district, photographs, probation officer's testimony, etc." *Benchbook for U.S. District Court Judges* § 1.05 (6th ed. 2013) (outlining steps in conducting an identity hearing under Rule 5(c)(3)(D)(ii)); *see also* K. Sinclair, Jr., *Practice Before Federal Magistrate Judges* § 6.06 (2013) (Government may put forth "witnesses and evidence at its disposal" to prove identity); 5 Orfield's Criminal Procedure Under the Federal Rules §40:13 (summarizing requirement for issuance of warrant of removal as including establishment of  identity of person whose removal is sought as identity of party indicted).

### 2. ANALYSIS

At the Identity and Removal Hearing, the Government called as its sole witness HSI Special Agent Chad Lindsly.[2]  He testified that he investigated the circumstances that gave rise to the charges and later obtained an Indictment and Superseding Indictment naming five defendants from the Grand Jury.  Quinones Joya is one of the individuals charged in the Superseding Indictment and named in the Arrest Warrant.  According to Agent Lindsly, Defendant was detained by CBP officers at a port of entry in Laredo, Texas, as a result of the Warrant when he attempted to enter the country.  Based on the testimony from Special Agent Lindsly, the Court finds that the

---

[2] Agent Lindsly is a 12-year veteran HSI agent who previously also worked as a Task Force Officer with DEA investigating narcotics trafficking.  For the last three years, Agent Lindsly has been assigned to investigate violent crimes and fentanyl overdose cases.

Government has met its burden to show that Defendant is the same person named in the Superseding Indictment, for the following reasons:

- Defendant's photograph and personal identifiers were compared with several counterfeit driver's licenses obtained from the execution of a search warrant and with the license photograph of Defendant on file at the California Department of Motor Vehicles. *See* Govt. Ex. 1.

- During the investigation, Defendant's cell phone number was linked to text messages, sent to co-defendants, that had photographs of Defendant. Moreover, the cell phone subscriber records and bank account information link it to Defendant.

- Agent Lindsly previously identified from social media messages that Defendant bears several tattoos. Those same tattoos are seen on the booking photographs taken of Defendant following his arrest. *See* Govt. Ex. 2. This includes a tattoo of the last name "Quinones" on his forearm.

- Therefore, Agent Lindsly identified the Defendant in open court and testified that the Defendant is the same individual he investigated and who was later indicted and arrested at the port of entry based on the outstanding Warrant from the District of Oregon.

During cross-examination by defense counsel, Agent Lindsly admitted that he neither had compared fingerprints nor had previously observed Defendant in person. Nonetheless, the Court finds that there is sufficient evidence supporting probable cause that Defendant is the person who was charged and named in the Superseding Indictment from the District of Oregon.

**CONCLUSION**

For the aforementioned reasons, this Court **FINDS** that the arrestee Defendant Ricardo Quinones Joya is the same person whose identity is named in the Superseding Indictment and Arrest Warrant as "Ricardo Quinones Joya."  Therefore, Defendant is **ORDERED** removed to the District of Oregon, Portland Division for future proceedings in case number 3:22-CR-00404-AN-4.

IT IS SO ORDERED.

Signed on August 18, 2023, at Laredo, Texas.


DIANA SONG QUIROGA
UNITED STATES MAGISTRATE JUDGE